UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLAND KNIGHT,

    Plaintiff,

v.                                                    CASE No. 8:09-CV-2235-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-two years old at the time of the administrative hearing and who has a tenth grade education, has worked as a laborer and a product selector (Tr. 28, 29). He filed a claim for supplemental security income payments, alleging that he became disabled due

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18).

to a back and neck injury from an automobile accident (Tr. 141). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "adjustment disorder and anti-social personality disorder, as well as upper back and right shoulder injuries and tenderness" (Tr. 12). The law judge concluded that these impairments restricted the plaintiff to light work involving simple, routine, repetitive tasks with the additional limitations of only frequent reaching and occasional stooping and crouching (Tr. 14). The law judge determined, based upon the testimony of a vocational expert, that, despite these limitations, there were jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as marker, and order caller (Tr. 18). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff claims that he is disabled as a result of an automobile accident in which he injured his right shoulder, and back and neck. There is only meager medical evidence supporting this claim. The

plaintiff, however, challenges on three grounds the law judge's determination that the plaintiff is not disabled. None of the challenges has merit.

The plaintiff argues first that the law judge erred in failing to analyze whether the plaintiff meets the Appendix 1 criteria for a personality disorder (Doc. 21, p. 4). Thus, the plaintiff asserts that "there was no indication that there was an evaluation concerning the criteria for the personality disorder listing" in listing 12.08 (id., p. 8). This assertion is patently wrong.

The law judge specifically found that the plaintiff had a severe impairment of anti-social personality disorder (Tr. 12). Moreover, he expressly stated in connection with step three of the Commissioner's sequential analysis dealing with the listings of impairments that the plaintiff's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.08" (Tr. 13).

A condition listed in Appendix 1 is considered so severe that a plaintiff who meets, or equals, a listing is deemed disabled without regard to vocational considerations. 20 C.F.R. Part 404, Subpart P, Appendix 1; Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

The plaintiff bears the burden of showing that he meets, or equals, a listing. McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation [416.920(d)], he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986).

Listing 12.08 provides (20 C.F.R. Part 404, Subpart P, Appendix 1, listing 12.08):

> A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:

1. Seclusiveness or autistic thinking; or

2. Pathologically inappropriate suspiciousness or hostility; or

3. Oddities of thought, perception, speech and behavior; or

4. Persistent disturbances of mood or affect; or

5. Pathological dependence, passivity, or aggressivity; or

6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;

And

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.

It is doubtful that the plaintiff meets, or equals, part A of listing 12.08. The plaintiff asserts that he does based upon his arrest record (Doc. 21, p. 5). However, that circumstance is not specified in part A. While the plaintiff points out that such a criterion is set forth in the definition of anti-social personality disorder in the Diagnostic and Statistical Manual of Mental Disorders (id., pp. 4-5), the definition of personality disorders in listing 12.08 A differs from the definition in the Manual of Mental Disorders. Moreover, the nonexamining reviewing psychologist indicated that the plaintiff's personality disorder does not meet the criteria of listing 12.08 A (Tr. 258).

In any event, the law judge expressly found that the plaintiff does not meet the criteria of listing 12.08 B (Tr. 13-14). Thus, upon a discussion of each of the criteria, he found that the plaintiff had a mild restriction of activities of daily living, mild difficulties of social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation (id.). These findings fall far short of the criteria for listing 12.08 B.

Importantly, the plaintiff made no attempt to challenge the law judge's findings on these four criteria. Rather, he just erroneously asserted

that the law judge did not evaluate listing 12.08 at all. In light of the unchallenged findings regarding part B of listing 12.08, the plaintiff's contention regarding listing 12.08 is meritless.

The plaintiff's argument on this point contains the sentence that "[n]o effort was made to complete the record with [the plaintiff's] juvenile disability records" (Doc. 21, p. 9). In light of the scheduling Order, this stray, and unsupported, sentence does not constitute a challenge to the law judge's decision. The scheduling Order requires the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 17, p. 2). None of the three issues specified by the plaintiff has anything to do with obtaining records. Furthermore, the scheduling Order requires any discrete challenges to be "supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (id.). The sentence regarding obtaining records was not supported by either facts or law. Consequently, any such issue is deemed abandoned.

In all events, even if a contention regarding the failure to obtain juvenile records were to be considered, the Commissioner has demonstrated

that such a contention is meritless (Doc. 22, pp. 7-8). As he explains, any obligation to obtain the records would fall on the plaintiff's attorney, and not the law judge. Furthermore, the plaintiff has not attempted to show how the records would be material to a finding that he met listing 12.08 on October 4, 2005, his alleged onset date.

The plaintiff's second contention is that the law judge erred in rejecting the opinion of Dr. James L. Anderson, a treating physician (Doc. 21, p. 10). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge appropriately considered Dr. Anderson's opinion and discounted it. Thus, he stated (Tr. 16-17):

> As for the opinion evidence, the undersigned gives little weight to the opinion of James Anderson, M.D., who treated the claimant and rendered an opinion for purposes of the claimant's personal

injury settlement as a result of his motor vehicle accident. In it, Dr. Anderson stated that further medical intervention and/or surgery would not improve the claimant's then-current unemployability. Dr. Anderson, using an AMA guide to calculate pain-related impairment, calculated a 13% total impairment related to the whole person. However, Dr. Anderson's examination of the claimant was performed five months after the claimant's car accident, and diagnosed the claimant with a cervical sprain/strain, lumbosacral sprain/strain with radiculopathy, and right shoulder tendonopathy. This examination does not reflect recent information and medical evaluations performed on the claimant, such as the physical evaluation by Dr. [Edwin] Lamm. The undersigned gives great weight to the medical report of Dr. Lamm, which is more consistent with the overall evidence, and who stated that the claimant "has no serious limitations that would prevent him from returning to work" (Ex. 6F/2). Moreover, Dr. Lamm's opinion is consistent with the assessments from Dr. [Sunita] Patel and Dr. [Nimfa] Regidor, physicians with the state's Disability Determination Services, who examined the claimant's medical records in connection with the present disability claim. It is also consistent with the objective medical evidence such as the MRI dated in November 2005. These physicians found that the claimant was capable of performing light work with occasionally stooping and crouching, and limited reaching (Ex[s]. 5F & 8F). The undersigned gives these opinions some weight because, although consistent with the residual functional capacity, fails [sic] to take into account the additional mental restrictions previously discussed.

This explanation is reasonable and adequate, and it constitutes good cause for discounting Dr. Anderson's opinion. In order to overcome this determination, the plaintiff must show that the evidence compels the contrary finding. Adefemi v. Ashcroft, supra. The plaintiff has obviously not made such a showing, since on this issue – in violation of the scheduling Order – he has not cited to any medical evidence at all.

The plaintiff's final argument is that the law judge erred in discounting the plaintiff's complaints of pain. This argument is both unsupported and meritless.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively determined medical condition which could reasonably be expected to produce

disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

In the first place, the plaintiff fails to support his challenge to the law judge's credibility determination with any citations to the record (see Doc. 21, pp. 11-12). This, as indicated, violates the scheduling Order. Consequently, the contention is properly deemed abandoned.

In any event, the law judge's credibility determination is not erroneous. The law judge expressly acknowledged the Eleventh Circuit's pain standard (Tr. 15). Moreover, she appropriately applied that standard (id.).

In addition, the law judge specifically considered the plaintiff's allegations of neck pain, shoulder pain and tenderness, right hand locking up, weakness in legs, and depression (Tr. 15-16). She gave reasons for discounting each set of allegations. Those explanations were reasonable and adequate.

The plaintiff asserts that the plaintiff's testimony "was rejected as not being credible because of the inconsistencies between his testimony

and that of the lay witnesses" (Doc. 21, p. 11). That assertion is not accurate either. The plaintiff's testimony was rejected primarily because it was contradicted, or unsupported, by the medical evidence (Tr. 15-16). The law judge also said that she considered "the numerous inconsistent statements provided by the claimant himself in the file, as well as the observations of the undersigned at the hearing" (Tr. 17). While the law judge did consider the statement of the plaintiff's grandmother in assessing the plaintiff's claim of disability (id.), the plaintiff has made no attempt to show that it was improper or unreasonable for the law judge to do that. The plaintiff, therefore, has provided no basis for overturning the law judge's credibility determination.

Finally, it seems anomalous for the plaintiff to claim he is fully credible while at the same time claiming he has a listing-level anti-social personality disorder predicated upon a lengthy arrest record that includes convictions for attempted murder and aggravated battery. See Rule 609(a), F.R.E.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 17th day of November, 2010.

```
                        THOMAS G. WILSON
                        UNITED STATES MAGISTRATE JUDGE
```